UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT R. REAMER, III )
)
       Plaintiff, )
)
v. )
) CASE NO.: CASENUMBER
ELITE PAINTLESS DENT REPAIR, LLC & )
)
RYAN LANCASTER, )
)
       Defendants. )
)

## AMENDED COMPLAINT

Plaintiff, ROBERT R. REAMER, III ("REAMER"), by and through undersigned counsel, hereby sues Defendant, ELITE PAINTLESS DENT REPAIR, LLC ("ELITE"), and Defendant, RYAN LANCASTER ("LANCASTER") (collectively, "Defendants"), and alleges:

## NATURE OF CASE

1. This is an action for unpaid minimum wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-216 ("FLSA").[1]

## JURISDICTION AND VENUE

2. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 1367, and 29 U.S.C. § 216(b).

3. Venue of this action properly lies in this Court pursuant to 28 U.S.C. § 1391.

## PARTIES

---

[1] The undersigned notes that REAMER additionally intends to amend to bring an action for unpaid minimum wages under Article 10, Section 24 of the Florida Constitution and the Florida Minimum Wage Act, Florida Statute § 448.110 ("FMWA") in the event Defendants fail to comply with REAMER's demand letter for payment of the same, which is a precondition to bringing such action.

4. REAMER is an individual and citizen of the state of Florida, who resides in Hillsborough County, Florida.

5. ELITE is a limited liability company organized and existing under the laws of the State of Florida, with its principle place of business located in Pinellas County, Florida. ELITE is a for-profit entity that holds itself out as providing paintless dent repair services on automobiles throughout Pinellas County, Florida, Hillsborough County, Florida, and certain Florida counties surrounding the aforementioned counties.

6. LANCASTER is an adult citizen of the state of Florida. LANCASTER is an owner of ELITE. He exercises significant control over its operations as owner and as its Chief Executive Officer.

## **FACTS**

7. In or about February of 2018, REAMER began employment with Defendants.

8. From in or about February of 2018 through in or about July of 2019, REAMER worked approximately twenty hours or more each week for Defendants. During this time, Defendants did not properly pay REAMER for his hours worked. Hereinafter, this time period is referred to as the "Unpaid Part Time Period."

9. From in or about July of 2019 through November of 2019, REAMER worked approximately forty hours or more each week for Defendants. During this time, Defendants did not properly pay REAMER for his hours worked. Hereinafter, this time period is referred to as the "Unpaid Full Time Period."

10. In or about August of 2020, REAMER separated from employment with Defendants.

11. During the Unpaid Part Time Period and the Unpaid Full Time Period, REAMER was a non-exempt employee, under and as defined by the FLSA.

12. Defendants had actual and constructive knowledge that REAMER was not paid for hours worked during the Unpaid Part Time Period and the Unpaid Full Time Period.

13. As a result of Defendants' unlawful acts, REAMER has been forced to retain the undersigned counsel.

14. During REAMER's employment with ELITE, LANCASTER exercised significant control over ELITE operations, including but not limited to the authority to hire and fire employees, determine compensation, control over employment-related records, and similar power with respect to control of ELITE's day-to-day operations.

15. Any and all conditions precedent to bringing the claims herein have been satisfied or waived.

## COUNT I – FLSA UNPAID OVERTIME AND MINIMUM WAGE
(Against Defendants)

16. REAMER incorporates by reference, and as if fully restated herein, the allegations contained in Paragraphs 1-15 of this Complaint.

17. Defendants are subject to the FLSA.

18. During the Unpaid Part Time Period and the Unpaid Full Time Period, Defendants were REAMER's employer, as that term is defined by the FLSA.

19. During the Unpaid Part Time Period and the Unpaid Full Time Period, Defendants failed to pay REAMER minimum wages, as a result of Defendants' unlawful pay practices, policies, and procedures.

20. Defendants knew that REAMER was not being paid for hours worked.

21. Defendants failed to make and preserve accurate wage and hours records.

22. Defendants' failure to pay REAMER minimum wages was intentional and willful.

23. As a direct and legal consequence, REAMER has suffered damages.

24. REAMER is entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

WHEREFORE, REAMER respectfully requests the following:

    a. Enter judgment in his favor for unpaid minimum wages under the FLSA;

    b. Award the full amount of unpaid minimum wages, liquidated damages, and pre-judgment interest, and any other monetary relief permitted by law;

    c. Award attorneys' fees and costs;

    d. Enter equitable relief mandating the cessation of the unlawful pay practices, policies, and procedures; and

    e. Grant any other relief this Court deems just and proper.

## COUNT II - UNJUST ENRICHMENT
**(Against Defendants)**

25. REAMER incorporates by reference, and as if fully restated herein, the allegations contained in Paragraphs 1-15 of this Complaint.

26. REAMER conferred benefits in the form of services on Defendants, of which Defendants were aware.

27. Defendants voluntarily accepted and retained the benefits conferred.

28. The circumstances render Defendants' retention of the benefits inequitable unless Defendants pay REAMER the value of the benefits.

29. Defendants have been unjustly enriched at the expense of REAMER.

30. REAMER is entitled to damages as a result of Defendant's unjust enrichment.

WHEREFORE, REAMER respectfully requests that this Court:

a. Enter judgment in its favor of REAMER against Defendants;

b. Award REAMER monetary damages;

c. Award REAMER attorneys' fees, costs and related expenses, and prejudgment and post-judgment interest on the foregoing amounts at the maximum rate permitted by law; and

d. Grant such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

REAMER hereby requests a jury trial for all issues so triable.

Dated: July 1, 2021

Respectfully submitted,

*/s/ Alissa A. Kranz*
ALISSA A. KRANZ
Florida Bar No. 112050
Primary Email: akranz@czattorneys.com
WILLIAM J. CANTRELL
Florida Bar Number 0103254
Primary Email: wcantrell@czattorneys.com
Secondary Email: lcaulder@czattorneys.com
CANTRELL ZWETSCH, P.A.
401 East Jackson Street, Suite 2340
Tampa, Florida 33602
Telephone: 800-698-6650
Facsimile: 813-867-0116